# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No 20-0108V
UNPUBLISHED

| | |
|---|---|
| ELISSA DIPASQUALE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 19, 2022<br><br>Special Processing Unit (SPU); Damages Decision on Proffer; Concession; Table Injury; Influenza (Flu); Shoulder Injury Related to Vaccine Administration (SIRVA). |

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON DAMAGES[1]

On January 31, 2020, Elissa DiPasquale filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she experienced a shoulder injury related to vaccine administration ("SIRVA") resulting from administration of the influenza ("flu") vaccine on October 22, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 15, 2021, I issued a ruling that Petitioner was entitled to compensation for her SIRVA. ECF No. 33. On January 13, 2022, Respondent filed a

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffer on an award of compensation, to which Petitioner agrees. ECF No. 39 (attached hereto as Exhibit A). Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $63,686.87 (representing $62,500.00 for pain and suffering and $1,186.87 for past unreimbursable expenses).** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ELISSA DIPASQUALE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 20-108V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 31, 2020, Elissa DiPasquale ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") following administration of an influenza vaccine on October 22, 2018. Petition at 1. On September 15, 2021, respondent filed his Vaccine Rule 4(c) report, recommending that compensation be awarded. Later the same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $63,686.87. The award is comprised of the following: $62,500.00 for pain and suffering and $1,186.87 for past out of pocket medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$63,686.87** in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/Traci R. Patton
TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

Dated: January 13, 2022

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.